UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BROADNAX,

    Plaintiff,

v.

ANA DEALBA, et al.,

    Defendants.

Case No. 23-cv-04139-JSW

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons discussed below, the complaint is DISMISSED.

# ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

B.   LEGAL CLAIMS

Plaintiff sues two judicial officers and a clerk for dismissing his case.  A judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  Absolute immunity extends to other individuals, such as clerks, performing functions necessary to the judicial process.  *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). Dismissing a case is an act performed in a judge's judicial capacity, and, as to the clerk Defendant, is a function that is necessary to the judicial process.  Therefore, Defendants are absolutely immune from liability for their involvement in the dismissal of his prior lawsuit or lawsuits.

## CONCLUSION

In light of the foregoing, the case is DISMISSED for failure to state a claim upon which relief may be granted.  The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 18, 2023

_____
JEFFREY S. WHITE
United States District Judge

2